**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| MAURICE C. PITTMAN, | ) |
|---|---|
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-742-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is petitioner's *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Also before the Court is petitioner's second motion to amend his petition pursuant to Fed. Civ. P. Rule 15 (Doc. 7).[1] The government has filed its response to petitioner's motion to vacate, set aside, or correct sentence (Doc. 8), and petitioner filed objections to the government's response (Doc. 9). Additionally, the government has filed a motion to dismiss petitioner's first motion to amend his petition (Doc. 10), and an additional response to petitioner's initial motion (Doc. 11).

**Background**

Petitioner was convicted by a jury of possession with intent to distribute cocaine (Count 2), in violation of 21 U.S.C. § 841(a)(1).[2] He was sentenced to 390 months' imprisonment on Count 2. Petitioner appealed his conviction as to Count 2, and the Seventh Circuit affirmed.

---

[1]Petitioner filed a motion to amend his petition (Doc. 3), which this Court previously granted (Doc. 4). The Court will consider petitioner's submissions which were filed with his motion.
[2]Count I of the Indictment charged co-defendant Amanda Jo Schoeneweis with possession with intent to distribute approximately 6.3 grams of cocaine base on June 20, 2001. She pled guilty to this offense on October 5, 2001.

*United States v. Pittman*, 388 F.3d 1104 (7th Cir. 2004). However, the Seventh Circuit decision was vacated and remanded in light of *United States v. Booker*, 543 U.S. 220 (2005). *Pittman v. United States*, 544 U.S. 995 (2005). On June 29, 2006, in *United States v. Pittman*, No. 01-CR-30108-WDS, on remand, this Court found that it would have imposed the same sentence under the guidelines even if they had not been mandatory. (Doc. 171) On July 24, 2006, the Seventh Circuit affirmed. *United States v. Pittman*, 188 Fed.Appx. 514 (7th Cir. 2006).

Petitioner's pleadings present a total of six arguments under which he seeks relief. In his initial § 2255 motion, petitioner presents two arguments, each based on the theory of ineffective assistance of counsel. Specifically, petitioner claims that trial counsel: (1) failed to raise the 100-to-1 crack/powder ratio during sentencing so as to obtain a below-guidelines sentence; and (2) failed to object to Officer Jonniece Young's ("Young") testimony during the suppression hearing. Petitioner's motions to amend his petition contain allegations that: (3) petitioner was illegally sentenced because he was not informed he was limiting his opportunity to challenge his enhanced sentence based on prior convictions pursuant to 21 U.S.C. §851; (4) counsel failed to allow petitioner to testify at the suppression hearing; (5) counsel failed to impeach the testimony of Young and of co-defendant and witness Amanda Schoeneweis; and (6) counsel failed to inform petitioner of a possible plea agreement with the Government.

The relevant statute of limitations requires that a § 2255 motion be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a defendant appeals his conviction to the Court of Appeals but does not further appeal, the one-year period is measured from the end of the time for filing a petition for certiorari in the Supreme Court. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final

when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.")

The time in which petitioner could have petitioned for a writ of certiorari expired on October 23, 2006, the first weekday 90 days after the Seventh Circuit's judgment was entered in *United States v. Pittman*, 188 Fed. Appx. 514 (7th Cir. 2006). *See* SUP. CT. R. 13(1). Therefore, the deadline for filing a § 2255 motion was October 23, 2007. Petitioner filed his original § 2255 motion on October 22, 2007, within the one year statute of limitations for such motions. However, petitioner has since filed two motions to amend outside of this time limit, on February 15, 2008, (Doc. 3), and on December 17, 2008, (Doc. 7).

Amended habeas petitions may be filed outside of the one year time limit when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original" motion. Fed. R. Civ. P. 15(c)(1)(B). Any new claim made in an amended petition must be "tied to a common core of operative facts" with a claim in the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Based on this principle, most of the claims in the amended complaints are time-barred.

Petitioner's two claims in the original petition were for ineffective assistance of counsel based on counsel's failure to raise the issue of the cocaine disparity at sentencing, and failure to object to Young's testimony. The third claim is based on the failure of the trial court to adequately warn the petitioner. None of the facts alleged in this claim relate "in both time and type [to] those of the original pleading." *Felix*, 545 U.S. at 650. Therefore, the third claim, the only claim alleged in the motion to amend dated February 15, 2008 (Doc. 3), is technically untimely. Although this claim was untimely, the Court granted petitioner's motion to amend his petition, and thus will consider the merits of this argument (Doc. 4). The government's motion

to dismiss petitioner's motion to amend (Doc. 10) is **DENIED** as moot in light of the Court's earlier ruling (Doc. 4).

Petitioner's fourth and sixth claims are based on ineffective assistance of counsel premised on petitioner's allegations that he was not allowed to testify at the suppression hearing and that petitioner was not informed of a possible plea agreement. The facts alleged to support these claims do not relate to those in the original petition. These claims, instead, are based on entirely different facts. Therefore, the fourth and sixth claims, (the first and third claims alleged in the motion to amend dated December 17, 2008), are untimely, and their merits will not be considered. Therefore, the Court **DENIES IN PART** petitioner's motion to amend dated December 17, 2008, (Doc. 7), and the first and third claims of the motion are **DISMISSED** as untimely.

Petitioner's fifth claim is for ineffective assistance of counsel for failure to impeach the testimony of Young and co-defendant Amanda Schoeneweis. The second claim of petitioner's initial, timely petition, is based on ineffective assistance of counsel for failure to impeach Young. Therefore, the portion of the fifth claim that relates to Young is a proper amendment to the original petition, and its merits will be considered, and petitioner's motion to amend (Doc. 7) is **GRANTED IN PART**, only to the extent that it relates back to petitioner's initial petition. On the other hand, counsel's failure to impeach Schoeneweis is based on new facts and does not relate to any of the claims in the original petition, including the failure to impeach Young. Therefore, the claim of ineffective assistance of counsel for failure to impeach Schoeneweis is untimely and its merits will not be considered, and is **DISMISSED** as untimely.

In sum, the Court will consider petitioners first, second, third, and part of the fifth claims on their merits, and all other claims are **DISMISSED** as time barred.

4

## LEGAL STANDARD

To prove ineffective assistance of counsel, petitioner must show that: (1) counsel's representation fell below an objective standard of reasonableness (the performance prong); and (2) there is a reasonable probability that, but for counsel's professional error, the result of the proceeding would have been different (the prejudice prong). *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Petitioner bears a heavy burden in showing that his counsel was ineffective and that his defense was actually prejudiced. *United States v. Holland*, 992 F.2d 687, 691 (7th Cir. 1993).

In order to meet the "performance" prong of the *Strickland* test, a petitioner "must establish specific acts or omissions of his counsel that constitute ineffective assistance. [The Court] then determine[s] whether these acts or omissions were made outside the wide range of professionally competent assistance." *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). When alleging omissions, "it is not enough to criticize counsel for failing to take particular steps. Instead, one must also address what action counsel did take, and then evaluate [his] performance as a whole." *Eckstein v. Kingston*, 460 F.3d 844, 849 (7th Cir. 2006). This reasonableness standard is not meant "to second-guess counsel's strategic decisions or take up the role of the 'Monday morning quarterback.'" *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009) (quoting *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990)). Instead, it is meant to ascertain "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

**I. Ineffective Assistance of Counsel at Sentencing**

Petitioner asserts that his attorney was ineffective at sentencing for failing to raise the 100:1 crack/powder cocaine disparity which could have resulted in petitioner obtaining a below-guidelines sentence. Petitioner argues that because "the Court could have considered the impact of the so-called '100:1 crack/powder ratio' implemented by the U.S. Sentencing Commission in 1995, 1997 and 2002" (Doc. 1), the Court might have given him a downward variance based on the § 3553(a) factors and the recommendations of the U.S. Sentencing Commission, should his attorney have raised this issue.

In determining whether petitioner has shown counsel's performance was deficient, courts "consider the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001) (quoting *United States v. Lindsay*, 157 F.3d 532, 535 (7th Cir.1998)). "'[T]he Sixth Amendment does not require counsel to forecast changes or advances in the law.'" *Valenzuela,* 261 F.3d at 700 (quoting *Lily v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993)). Failure to anticipate shifts in legal doctrine cannot be condemned as objectively deficient, for purposes of an ineffective assistance of counsel claim. *Knox v. United States*, 400 F.3d 519, 522 (7th Cir. 2005).

At the time of Pittman's sentencing on March 31, 2003, the Seventh Circuit standard was clear that courts could not dispute Sentencing Guideline policy decisions such as the 100:1 crack/powder ratio. *See United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006), *United States v. Taylor*, 520 F.3d 746, 746-47 (7th Cir. 2008). Counsel was not, therefore, objectively deficient for failing to raise an objection that was contrary to the law in the Seventh Circuit at that time. Although the Supreme Court subsequently held in *Kimbrough v. United States*, 552 U.S. 85 (2007), that courts could find the 100:1 crack/powder ratio unreasonable and depart from

the sentencing guidelines, this ruling occurred after petitioner's sentencing. Moreover, this Court has already re-evaluated petitioner's sentence post-*Booker* with an advisory framework in mind, and that decision was affirmed by the Seventh Circuit Court of Appeals. *Pittman*, 188 Fed.Appx. at 515. This Court found that it would impose the same sentence even in light of the advisory framework of the guidelines. Therefore, petitioner has not shown that counsel's performance fell below an objective standard of reasonableness, and thus has not met the performance prong of the *Strickland* test, and his claim of ineffective assistance of counsel on this basis must fail.

Furthermore, as the Court previously stated when it reviewed petitioner's sentence and considered the sentencing factors set out in 18 U.S.C. § 3553(a) on limited remand, "the defendant, despite his characterization, has an extensive history of criminal activity, coupled with a fairly large-scale drug distribution history." *United States v. Pittman*, No. 01-CR-30108-WDS, (Doc. 171). Moreover, "[t]he sentence of 390 months was at the lower end of the guideline range and reflected the seriousness of defendant's offense, promoted respect for the law, acted to punish the defendant for the crime committed as well as to deter others, and protected the public from further crimes of this defendant." *Id.* This Court, therefore, **FINDS** upon consideration of the nature of the offense, defendant's personal history and characteristics, and all mitigating evidence in the record, that even under the post-*Kimbrough* framework, knowing that the Court may depart from the 100-to-1 ratio, the Court would have imposed the same sentence. In light of this, the petitioner also fails the prejudice prong of the *Strickland* test.

**II. Failure to Object to Young's Testimony**

Petitioner asserts in two separate claims (considered together), that counsel was ineffective for failing to object to the testimony of Young at the suppression hearing prior to

7

trial. Petitioner alleges that Young perjured herself when she testified that she gave petitioner a ticket during the traffic stop and that counsel was ineffective for failing to object to this testimony. Petitioner alleges he suffered prejudice because had this objection been made, the Court would have suppressed the drug evidence because it could not make a finding that there was probable cause for the search.

Taking this allegation of prejudice first, it is apparent from the record that Young's assertion that she gave a ticket to the petitioner did not solely, if at all, create probable cause for the search. This Court's Order denying defendant's motion to suppress the drugs did not mention the alleged traffic tickets. Rather, it noted the knowledge of the first officer on the scene, Sgt. Gillespie, relating to the petitioner's drug trafficking and the petitioner's lack of visible registration on the rear of the car, and lack of license or proof of insurance.

Furthermore, when the Seventh Circuit reviewed this Court's decision, it found: "the stop was lawful, and the court properly denied the motion to suppress." *United States v. Pittman*, 418 F.3d 704, 707 (7th Cir. 2005). This Seventh Circuit opinion similarly did not mention the allegation that a ticket was given, but instead relied on other facts, such as the lack of visible registration at the time of the stop to support this decision. Although counsel did not object to Young's testimony that she issued traffic tickets, there was ample evidence to support the search, and this issue has been fully and finally determined on appeal. Therefore, petitioner has not met the prejudice prong of the *Strickland* test, and his claim of ineffective assistance of counsel must fail.

**III. Prior Convictions for §851 Enhancement of Sentence**

In his motion to amend his §2255 Petition (Doc. 3), petitioner contends that the district court improperly enhanced his sentence without complying with the requirements of 21 U.S.C. §

851(b). Specifically, petitioner alleges that the Court did not follow the appropriate procedures because it did not inform him that he would be barred from challenging his prior convictions relied upon to enhance his sentence. Petitioner did not raise this issue on direct appeal, so cannot succeed without showing cause and prejudice.

In order for the Court to impose an enhanced sentence based on prior convictions the government must comply with the procedural requirements of Title 21 U.S.C. § 851(b). *United States v. Flores*, 5 F.3d 1070, 1081 (7th Cir. 1993).

Section 851(b) provides in pertinent part:

(b) If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Here, the record clearly shows that petitioner admitted to the prior convictions in Court at sentencing, and the Seventh Circuit has affirmed the Court's use of these prior convictions in its sentencing determination:

We have held in post-*Apprendi* cases that *Almendarez-Torrez* controls, and that evidence of a prior conviction that would increase the statutory maximum does not need to be submitted to a jury. *United States v. Collins*, 272 F.3d 984, 987 (7th Cir. 2001); *United States v. Martinez-Garcia*, 268 F.3d 460, 464 (7th Cir. 2001). *Blakely* did not disturb *Almendarez-Torres*, and therefore the district court did not err in considering the prior felony convictions. We note that even absent *Almendarez-Torres*, Pittman's argument would fail because he in fact admitted to those two prior convictions at the sentencing hearing. *See Booker*, 375 F.3d at 510 (judge may impose sentence based on facts admitted by the defendant as well as those found by the jury.)

*Pittman*, 388 F.3d 1104, 1109; *see also Pittman*, 418 F.3d 704, 709. Petitioner neither denies the convictions now, nor does he provide this Court with any evidence absolving him from guilt. While petitioner alleges prejudice as result of the sentence enhancement, his sentence of 390

months falls within the non-enhanced statutory range. U.S.S.G. § 4B1.1. Therefore, petitioner is not prejudiced and cannot meet the *Strickland* test on this claim.[3]

### Conclusion

Accordingly, the Court **DENIES** petitioner's motion to vacate, set aside or correct sentence (Doc. 1) on all grounds raised. The petition is **DISMISSED** with prejudice. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

Each party is to bear its own costs.


**IT IS SO ORDERED**

**DATE:   March 31, 2011**

                                            **/s/  WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**

---

[3] Recently, in *United States v. Corner*, 598 F.3d 411, 415-16 (7th Cir. 2010), the Seventh Circuit Court of Appeals held that U.S.S.G. § 4B1.1 is just a guideline, and "a district judge is bound by the Armed Career Criminal Act, 18 U.S.C. § 924(e), but not the three-strikes provision in the career-offender Guideline." In light of this holding, "judges are as free to disagree with [§ 4B1.1] as they are with § 2D1.1(c) (which sets the crack/powder ratio)," and upon consideration of the relevant §3553(a) factors, the Court **FINDS** that it would have imposed the same sentence had this holding been in effect at the time of petitioner's sentencing. *Id*. at 416.